Cooney v City of N.Y. Dept. of Sanitation (2024 NY Slip Op 00967)

Cooney v City of N.Y. Dept. of Sanitation

2024 NY Slip Op 00967

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 650113/13 Appeal No. 1742 Case No. 2021-00579 

[*1]Robert Cooney, Plaintiff-Appellant,
v
City of New York Department of Sanitation et al., Defendants-Respondents.

Advocates for Justice Chartered Attorneys, New York (Richard Soto of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.

Order, Supreme Court, New York County (Laurence L. Love, J.), entered July 31, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants demonstrated that their finding that plaintiff was medically disqualified for the position of sanitation worker with the New York City Department of Sanitation (DSNY) due to his psoriasis was not discriminatory under the New York State and City Human Rights Laws (HRLs) because no reasonable accommodation would enable plaintiff to perform the duties of the position safely and effectively.
Although plaintiff did not request any specific accommodation until this litigation, both the State and City HRLs required defendants to engage in an interactive dialogue regarding possible accommodations once they became aware of plaintiff's condition (see Executive Law § 296[3][a]; 9 NYCRR 466.11[j][4]; Administrative Code of City of NY § 8-107[15][a]; Estate of Benitez v City of New York, 193 AD3d 42, 48 [1st Dept 2021], lv denied 37 NY3d 906 [2021]). Defendants engaged in this dialogue with plaintiff during the internal appeals process. Following an individualized examination of plaintiff, DSNY's medical director considered and rejected gloves as a possible accommodation, as the "use of gloves will only exacerbate [plaintiff's] condition." The medical director also explained that plaintiff's condition would prohibit him from performing the duties of a sanitation worker even with continued treatment, as psoriasis is a chronic condition that merely "becomes latent," and because the duties of a sanitation worker, which involve exposure to germs and chemicals, would "render treatment ineffective" and make plaintiff vulnerable to infection. Plaintiff's submissions from his treating physician did not create an issue of fact rebutting these findings, and defendants were entitled to rely on the opinion of DSNY's medical director even in the presence of plaintiff's physician's conflicting opinion (see Matter of Altieri v City of N.Y. Civ. Serv. Commn., 57 AD3d 248, 248-249 [1st Dept 2008], lv denied 12 NY3d 711 [2009]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024